IN THE UNITED STATES DISTRICT COURT IN AND FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

ANTONIO ACEVEDO,

     Plaintiff,

vs.

ACE AMERICAN INSURANCE COMPANY,

     Defendant.

_____/

# EXHIBIT A



CHIEF FINANCIAL OFFICER
**JEFF ATWATER**
STATE OF FLORIDA



13-149087

---

ANTONIO ACEVEDO

PLAINTIFF(S),

VS.

ACE AMERICAN INSURANCE COMPANY

DEFENDANT(S).

SUMMONS, COMPLAINT, EXHIBIT

**CASE #:** 2013-34411-CA-01
**COURT:** CIRCUIT COURT
**COUNTY:** MIAMI-DADE
**DFS-SOP#:** 13-149087

---

## NOTICE OF SERVICE OF PROCESS

NOTICE IS HEREBY GIVEN of acceptance of Service of Process by the Chief Financial Officer of the State of Florida. Said process was received in my office by MAIL on the 31st day of December, 2013 and a copy was forwarded by Electronic Delivery on the 2nd day of January, 2014 to the designated agent for the named entity as shown below.

ACE AMERICAN INSURANCE COMPANY
SAVERIO M ROCCA
ESQUIRE
436 WALNUT STREET, WA04K
PHILADELPHIA, PA 19106

\* Our office will only serve the initial process (Summons and Complaint) or Subpoena and is not responsible for transmittal of any subsequent filings, pleadings or documents unless otherwise ordered by the Court pursuant to Florida Rules of Civil Procedure, Rule #1.080.

Jeff Atwater
Chief Financial Officer

cc to: Plaintiff's Representative for filing in appropriate court:

RONALD D. RODMAN
3636 W. FLAGLER STREET
MIAMI FL 33135

MDW

☒ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.
☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.

| DIVISION | | CASE NUMBER |
|---|---|---|
| ☒ CIVIL | SUMMONS 20 DAY CORPORATE SERVICE | |
| ☐ DISTRICTS | (a) GENERAL FORMS | 2013- 34411 -CA-DI |
| ☐ OTHER | | |

| PLAINTIFF(S) | VS.  DEFENDANT(S) | SERVICE |
|---|---|---|
| ANTONIO ACEVEDO | ACE AMERICAN INSURANCE COMPANY | |

THE STATE OF FLORIDA:

To Each Sheriff of the State:

YOU ARE COMMANDED to serve this summons and copy of the complaint or petition in this
action on defendant(s): ACE AMERICAN INSURANCE COMPANY

c/o Florida Chief Financial Officer as Registered Agent, Service of Process Section

P.O. Box 6200

Tallahassee, FL  32314-6200

Each defendant is required to serve written defense to the complaint or petition on
Plaintiff's Attorney: Ronald D. Rodman

whose address is: 3636 West Flagler Street, Miami, Florida 33135

within 20 days * Except when suit is brought pursuant to s. 768.28, Florida Statutes, if the State of Florida, one of its agencies,
or one of its officials or employees sued in his or her official capacity is a defendant, the time to respond shall be 40 days.
When suit is brought pursuant to. 768.28, Florida Statutes, the time to respond shall be 30 days." after service of this summons
on that defendant , exclusive of the day of service, and to file the original of the defenses with the Clerk of this Clerk Court either before
service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for
the relief demanded in the complaint or petition.

| HARVEY RUVIN CLERK OF COURTS | BY: | |
|---|---|---|
| | DEPUTY CLERK | DATE |

## AMERICANS WITH DISABILITIES ACT OF 1990
## ADA NOTICE

"If you are a person with a disability who needs any accommodation in order to
participate in this proceeding, you are entitled, at no cost to you, to the provision of certain
assistance. Please contact the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson
E. Thomas Courthouse Center, 175 NW 1st Ave., Suite 2702, Miami, FL 33128, Telephone
(305) 349-7175; TDD (305) 349-7174, Fax (305) 349-7355 at least 7 days before your
scheduled court appearance, or immediately upon receiving this notification if the time
before the scheduled appearance is less than 7 days; if you are hearing or voice impaired,
call 711."

CLK/CT. 314 Rev. 01/11                                    Clerk's web address: www.miami-dadeclerk.com

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.  2013- 34411-CA-01

ANTONIO ACEVEDO,

     Plaintiff,

v.

ACE AMERICAN
INSURANCE COMPANY,

     Defendant.

_____/

## COMPLAINT

    Plaintiff, ANTONIO ACEVEDO, sues Defendant, ACE AMERICAN

INSURANCE COMPANY, and states:

1.      That this is an action for damages which exceed $15,000.00 exclusive

of interest, costs and attorneys fees, and this Court has jurisdiction over this matter.

2.      That this cause of action arose in Miami-Dade County and venue is

otherwise proper in Miami-Dade County, Florida.

3.      That all conditions precedent have been performed or are excused.

4.     That at all times material to this action, Plaintiff is competent to bring this action.

5.     That at all times material to this action, Defendant is an authorized insurance company subject to the Court's jurisdiction and amenable to service of process on its statutory agent, Florida's Chief Financial Officer.

6.     That Plaintiff was seriously injured in an accident on or about February 13, 2006 and sued GGR, L.L.C. and Danny Gilileo for his damages in Acevedo v. GGR, L.L.C., No. 07-8911 CA 04 (Fla. 11th Cir. Ct. July 21, 2011), aff'd, No. 3D11-2182 (Fla. 3d DCA July 25, 2012).

7.     That at all times material to this action, Defendant insured GGR and Gilileo against Plaintiff's claims under policy number WLRC44001226 or similar number.

8.     That at all times material to this action, Defendant's policy provided liability coverage for Plaintiff's claims against Defendant's insureds.

9.     That at all times material to this action, Defendant was obliged to defend and indemnify its insureds against Plaintiff's claims which were covered under the policy.

10.     That at all times material to this action, Defendant had duties to handle Plaintiff's claims with appropriate care and diligence.

11.     That Defendant was notified of Plaintiff's claims, but Defendant refused to properly and timely investigate, negotiate, settle, and indemnify its insureds against Plaintiff's claims.

12.     That Defendant's insureds complied with all of the terms, conditions, and provisions contained in the policy, but Defendant has failed to properly perform its obligations under the policy.

13.     That the Court has entered a judgment for $16,494,198 in favor of Plaintiff and against GGR and Gilileo and the judgment is now final and enforceable. (Ex. "A" (redacted pursuant to law).)

14.     That the amount of the judgment exceeds the coverage available to GGR and Gilileo under Defendant's policy.

15.     That Plaintiff is entitled to bring this action by operation of law, and by an agreement with GGR and Gilileo.  (Ex. "B" (pertinent portion with redactions pursuant to law).)

16.     That at all times material to this action, Plaintiff acted reasonably under the circumstances.

17.     That at all times material to this action, Defendant is responsible for the conduct, acts, and omissions of its agents, employees, officers, and subcontractors.

18.     That Plaintiff demands jury trial of all issues so triable.

## COUNT I

## COMMON-LAW BAD-FAITH

Plaintiff restates paragraphs 1-18 and further states:

19.     That on or about February 13, 2006 while Defendant's policy was in effect, Plaintiff was injured by the wrongful acts and omissions of Defendant's insureds.

20.     That at all times material to this action, Defendant had good-faith duties to advise its insureds of settlement opportunities, to advise its insureds as to the probable outcome of the litigation, to warn its insureds of the possibility of an excess judgment, and to advise its insureds of any steps that might be taken to avoid an excess judgment.

21.     That at all times material to this action, Defendant had duties to conduct itself with a reasonable degree of care, skill, and diligence in investigating Plaintiff's claims, and controlling and managing defense of Plaintiff's claims and negotiations for settlement.

22.     That at all times material to this action, Defendant had duties to act in good-faith, with due consideration for its insureds' interests in investigation, negotiation, and settlement of Plaintiff's claims.

23.     That at all times material to this action, Defendant had duties to act in good-faith, and to treat Plaintiff fairly and according to the law in defending, investigating, negotiating and settling his claims.

24.     That Defendant failed to properly investigate and negotiate settlement and unreasonably refused to settle Plaintiff's claims against its insureds within its primary limits.

25.     That Defendant had the opportunity to settle Plaintiff's claims within its policy limits but unreasonably refused to do so.

26.     That Defendant unreasonably decided not to settle Plaintiff's claims against its insureds when it could have and should have under the circumstances.

27.     That the underlying case went to trial and a final judgment was entered in favor of Plaintiff for $16,494,198 that is a determination of the underlying claim.

28.     That Defendant wrongfully exposed its insureds to an excess judgment when Defendant could have and should have settled the claim against its insureds within the policy limits.

29.     That Defendant did not protect its insureds as it was required to do.

30.     That Defendant did not conduct a good-faith defense of its insureds in the underlying case.

31.     That in light of the value of the underlying case, Defendant acted in bad-faith when it failed to properly investigate and negotiate the claims, failed to advise its insureds of settlement opportunities, failed to advise its insureds as to the probable outcome of the litigation, failed to warn its insureds of the possibility of an excess judgment, failed to advise its insureds of any steps that might be taken to avoid an excess judgment, and failed to settle the case against its insureds in the lawsuit when it was possible to do so.

32.     That at all times material to this action, Defendant owed its insureds and Plaintiff duties of good-faith and fair dealing in defending the underlying case and in settlement negotiations on behalf of its insureds.

33.     That at all times material to this action, Defendant was required to consider the interests of its insureds equally with its own.

34.     That at all times material to this action, Defendant owed its insureds and Plaintiff obligations to exercise ordinary care and good-faith in indemnifying and defending its insureds in the underlying case.

35.     That at all times material to this action, Defendant owed its insureds obligations to exercise ordinary care and good-faith in reaching a settlement within Defendant's policy limits.

36.     That Defendant breached its obligations by failing to investigate and

settle the underlying case within its policy limits as it was possible to do.

37.     That because Defendant unreasonably failed to defend and settle the underlying case as it was obligated to do, an excess judgment for $16,494,198 was entered against Defendant's insureds and in favor of Plaintiff.

38.     That at all times material to this action, Defendant acted in bad-faith by improperly delaying settlement of the underlying case, by failing to control claim severity, by failing to properly indemnify its insureds for the underlying case, by failing to properly resolve Plaintiff's claims against its insureds, and by such other bad-faith acts and omissions as the evidence shall show.

39.     That at all times material to this action, Defendant's bad-faith was a legal cause of loss, damage, and harm to Defendant's insureds and Plaintiff.

40.     That as a proximate result of Defendant's bad-faith and unreasonable failure to defend and/or settle the underlying case, Plaintiff and Defendant's insureds suffered damages.

41.     That Plaintiff is a judgment creditor who is authorized to maintain suit directly against Defendant for recovery of the judgment in excess of the policy limits, based upon Defendant's bad-faith in the conduct or handling of Plaintiff's claims, and is otherwise entitled to bring this action.

     WHEREFORE the Plaintiff, ANTONIO ACEVEDO, demands judgment

against the Defendant, ACE AMERICAN INSURANCE COMPANY, and further demands costs, interest, trial by jury, and such other relief as the Court deems proper.

**COUNT II**

**STATUTORY BAD-FAITH**

Plaintiff restates paragraphs 1-18 and further states:

42.      That on or about February 13, 2006 while Defendant's policy was in effect, Plaintiff was injured by the wrongful acts and omissions of Defendant's insureds.

43.      That at all times material to this action, Defendant violated section 624.155, Florida Statutes, and the law incorporated by section 624.155.

44.      That on or about October 31, 2012 (Ex. "C") and June 21, 2013 (Exs. "D," "E"), Plaintiff and Defendant's insureds filed and gave the Florida Department of Financial Services and Defendant written notice of Defendant's violations of section 624.155, Florida Statutes, but Defendant wrongly refused to timely pay the damages or correct the circumstances giving rise to the violations.

45.      That at all times material to this action, Defendant had duties to attempt in good-faith to settle Plaintiff's claims against its insureds when, under all the circumstances, it could and should have done so, had it acted fairly and

honestly toward the Plaintiff and its insureds and with due regard for their interests and to otherwise comply with section 624.155, Florida Statutes.

46.      That at all times material to this action, Defendant wrongfully failed to attempt in good-faith to settle Plaintiff's claims when, under all the circumstances, Defendant could and should have done so, had Defendant acted fairly and honestly toward its insureds and with due regard for its insureds' interests.

47.      That at all times material to this action, Defendant wrongfully used unfair claim settlement practices proscribed by subsection 626.9541(1)(i), Florida Statutes, by actions and omissions which include, without limitation:

   a.      Attempting to settle Plaintiff's underlying claims on the basis of an application, when serving as a binder or intended to become a part of the policy, or any other material document which was altered without notice to, or knowledge or consent of, the insureds;

   b.      A material misrepresentation made to an insured or any other person having an interest in the proceeds payable under such contract or policy, for the purpose and with the intent of effecting settlement of such claims, loss, or damage under such contract or policy on less favorable terms than those provided in, and contemplated by, such contract or policy; and/or

   c.      Committing or performing with such frequency as to indicate a general business practice any of the following:

      (1)    Failing to adopt and implement standards for the proper investigation of claims;

      (2)    Misrepresenting pertinent facts or insurance policy provisions relating to coverages at issue;

      (3)    Failing to acknowledge and act promptly upon

communications with respect to claims;

(4)   Denying claims without conducting reasonable investigations based upon available information;

(5)   Failing to promptly provide a reasonable explanation in writing to the insured of the basis in the insurance policy, in relation to the facts or applicable law, for denial of a claim or for the offer of a compromise settlement;

(6)   Failing to promptly notify the insured of any additional information necessary for the processing of a claim; and/or

(7)   Failing to clearly explain the nature of the requested information and the reasons why such information is necessary.

48.      That at all times material to this action, Defendant breached the aforementioned duties imposed by sections 624.155 and 626.9541, Florida Statutes.

49.      That at all times material to this action, Defendant unreasonably delayed investigating, negotiating, and settling Plaintiff's claims against its insureds.

50.      That at all times material to this action, Defendant acted in bad-faith when Defendant did not try to settle Plaintiff's underlying claims when it should have do so under the circumstances, and by such other bad-faith acts and omissions as the evidence shall show.

51.      That although Plaintiff and Defendant's insureds filed civil remedy notices, Defendant failed to timely pay the damages, correct the circumstances

giving rise to the violation, and Defendant has otherwise failed to comply with section 624.155, Florida Statutes, within the required 60 days after the notice was filed so that it is presumed to be in bad-faith as a matter of law.

52.     That because Defendant unreasonably failed to properly investigate, negotiate, and settle the underlying case as it was obligated to do, an excess judgment for $16,494,198 was entered against its insureds and in favor of Plaintiff and remains unsatisfied.

53.     That at all times material to this action, Defendant's bad-faith violations of sections 624.155 and 626.9541, Florida Statutes were a legal cause of loss, damage, and harm to Defendant's insureds and to Plaintiff.

54.     That as a direct and proximate result of Defendant's breaches of duties imposed by sections 624.155 and 626.9541, Florida Statutes, Defendant's insureds and Plaintiff suffered damages.

WHEREFORE the Plaintiff, ANTONIO ACEVEDO, demands judgment against the Defendant, ACE AMERICAN INSURANCE COMPANY, and further demands costs, interest, trial by jury, and such other relief as the Court deems proper.

DATED this 1st day of November, 2013.

FRIEDMAN, RODMAN & FRANK, P.A.
Attorneys for Plaintiff
3636 West Flagler Street
Miami, Florida 33135
Telephone 305-448-8585
Email <ronrod36@aol.com>
Email service <frflawservice@gmail.com>

By: s/ Ronald D. Rodman
    RONALD D. RODMAN, ESQ.
    Florida Bar No. 664332

3
FJUD
2-3
NFJA

Signed and Dated

JUL 18 2011

Judge Amy Steele Donner

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO. 07-08911 CA 04

ANTONIO ACEVEDO,
individually, and as next
friend and natural guardian
of I██ G████████
A███████

Plaintiffs,

v.

GGR, L.L.C. and
DANNY GILILEO,

Defendants.

_____/

NO FURTHER JUDICIAL ACTION IS REQUIRED
THIS CASE IS CLOSED

FIN... .... .. AS TO ALL PARTIES
SRS DISPOSITION
NUMBER

**FINAL JUDGMENT**

Pursuant to the verdict rendered in this action

IT IS ADJUDGED that Plaintiffs, ANTONIO ACEVEDO (Extended Stay

America, 8655 Northwest 21st Terrace, Room H-125, Doral, Florida 33122),

individually, and as next friend and natural guardian of I██ G████████

A███████ (Las Pilas De La Salitrera, 38560 Jerecuaro, Guanajuato, Mexico),

recover from Defendants, GGR, L.L.C. (4100 Recker Highway, Winter Haven,

Florida 33880) and DANNY GILILEO (Post Office Box 1337, Auburndale,

EXHIBIT ———— A

Florida 33823; Social Security Number xxx-xx-████, the sum of $16,494,198.00 that shall bear interest at the rate of 6% a year, for which let execution issue.

The court reserves jurisdiction to determine and enter judgment for costs.

It is further ordered and adjudged that judgment debtor, GGR, L.L.C., shall complete under oath Florida Rule of Civil Procedure Form 1.977 (Fact Information Sheet), including all required attachments, and serve it on the judgment creditor's attorney, or the judgment creditor if the judgment creditor is not represented by an attorney, within 45 days from the date of this final judgment, unless the final judgment is satisfied or post-judgment discovery is stayed.

Jurisdiction of this case is retained to enter further orders that are proper to compel the judgment debtor to complete form 1.977, including all required attachments, and serve it on the judgment creditor's attorney, or the judgment creditor if the judgment creditor is not represented by an attorney.

DONE AND ORDERED in Chambers at Miami-Dade County, Florida, on 07/18/11 8:25 PM.

AMY STEELE DONNER
CIRCUIT COURT JUDGE

The movant shall, using any method(s) mandated by the Florida Rules of Civil Procedure serve all parties/counsel of record with a true and correct copy of this Order IMMEDIATELY and file proof of service with the Clerk.

2

Signed and stamped original Order sent to court file by Judge Donner's staff. Electronic copy furnished ONLY to any below listed recipient(s) by facsimile whose facsimile number(s) is/are CORRECTLY FORMATTED and listed herein.

Copies furnished to:
[Fax: Ronald Rodman, Esq.@305-448-9818]
[Fax: Pamela Beckham, Esq.@305-940-8706]
[Fax: Philip Glatzer, Esq.@305-446-3667]
[Fax: Frank Sioli, Esq.@305-274-5517]

3

Antonio Acevedo                                                Case No. 07-08911
CA 04
v.
GGR, LLC & Danny Gilileo

## SETTLEMENT AGREEMENT, RELEASE AND ASSIGNMENT

THIS SETTLEMENT AGREEMENT AND RELEASE (the "Agreement") is entered into by and between: 1) ANTONIO ACEVEDO, individually, and as next friend and natural guardian of I████ G██████ A████ (hereinafter referred to as "Plaintiffs" or "Releasors"); 2) DANNY GILILEO and GGR, LLC (hereinafter referred to collectively as "Defendants"); and 3) NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA (hereinafter referred to as "National Union" or "Insurer"). The parties to this Agreement are hereinafter sometimes collectively referred to as the "Parties."

### I. RECITALS

A.     WHEREAS, Plaintiffs filed a lawsuit styled, *Antonio Acevedo, individually, and as next friend and natural guardian of I██ G████ A████ v. GGR L.L.C. and Danny Gilileo*, Case No. 07-08911 CA 04, in the 11th Judicial Circuit Court in and for Miami-Dade County, Florida. The lawsuit resulted in a Final Judgment in the amount of $16,494,198.00, plus post-judgment interest of six percent per year. That judgment was affirmed on appeal in case number 3D11-2182. This litigation is collectively referred to as the "Lawsuit."

B.     WHEREAS, National Union had issued a primary CGL policy, Policy Number ████2865, and an umbrella policy, Policy Number ████7352, to L.F.I. Ft. Pierce, Inc. dba Labor Finders. The umbrella policy contained liability limits of $10

EXHIBIT 

million per occurrence and was written over a primary Workers' Compensation and Employers' Liability Policy issued by ACE American Insurance Company with limits of $1 million per occurrence. Labor Finders had placed Mr. Acevedo with GGR, LLC for purposes of the roof project. ACE American Insurance Company, its employees and agents, are not parties to this Agreement and are specifically excluded from same.

C.     WHEREAS, bona fide disputes and controversies exist between the Parties as to the extent of liability that National Union may have to Releasors for the Final Judgment entered in the Lawsuit based on the limited insurance coverage available.

D.     WHEREAS, the Parties mediated this matter on October 19, 2012 and agreed to compromise, settle and resolve all disputes, claims, actions, suits, demands, causes of action, petitions, debts, liabilities, agreements, contracts or promises, whether or not asserted in the Lawsuit, between the Parties, including but not limited to any and all claims for damages, losses, costs, attorneys' fees, and expenses that have been, may have been, or could have been claimed for contractual, extra-contractual, or any other claims, whether founded in contract, tort, equity, or another possible theory of recovery, arising out of the claims made in the Lawsuit, including any and all claims for common law and statutory bad faith, unfair claims settlement practices, and any other cause of action.

E.     WHEREAS, ACE American Insurance Company, its employees and agents, are not a party to this Agreement and has not resolved any claims against it that arise out of the Lawsuit.

## II. SETTLEMENT AND RELEASE

NOW, THEREFORE, in consideration of the mutual promises, covenants, and

2

* * * *



B.  **Defendants' Assignment of Rights Against ACE American Insurance Company.**   Subject to the terms and conditions of this Settlement Agreement, GGR, LLC and Danny Gilileo hereby assign all of their rights, title, and interest in any and all cause(s) of action they have or may have against ACE American Insurance Company,

including but not limited to all rights to collect damages from ACE for any and all claims arising out of the incident that was the subject of the Litigation and the Workers' Compensation and Employers' Liability insurance policy issued by ACE to Plaintiffs. Plaintiffs shall be solely responsible for any costs, fees or expenses incurred in pursuing claims against ACE American Insurance Company.   The Parties agree that this assignment shall take place prior, and as a condition precedent, to any release or discharge of any liability of any Party hereto.



* * * *

*Translated By* [signature] *CIRA DELGADO* 11/30/12 DATE

EXECUTED this 3⁰ day of _November_ 2012.

By: _Antonio Arnoldo_, as

Antonio Acevedo, individually, and as next friend and natural guardian of Leyte Guadalupe Acevedo

STATE OF FLORIDA          §
COUNTY OF _____       §

*I, Ronald Rodman as attorney of record did hereby witness the execution of this release document by Antonio Acevedo* [signature] —11/30/12

BEFORE ME, the undersigned authority, on this day personally appeared _____, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he executed the same for the purpose and consideration, and in the capacity, therein expressed.

SWORN AND SUBSCRIBED TO before me on the ___ day of _____, 2012.

_____
Notary Public in and for the State of Florida

EXECUTED this ___ day of _____, 2012.

By: _____, as

Danny Gilileo, individually, and as authorized representative of GGR, LLC

STATE OF FLORIDA          §
COUNTY OF _____       §

BEFORE ME, the undersigned authority, on this day personally appeared _____, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he executed the same for the purpose and consideration, and in the capacity, therein expressed.

SWORN AND SUBSCRIBED TO before me on the ___ day of _____, 2012.

_____
Notary Public in and for the State of Florida

EXECUTED this ___ day of _____, 2012.

26

Transmitted By

CLARA DELGADO

DATE  11/30/12

EXECUTED this 28 day of _November_ 2012

By: _____, as
Antonio Acevedo, individually, and as next friend and natural guardian of Loyda
Guadalupe Acevedo

_I, R. M. Rodman as attorney of record did hereby witness the execution of this release document by Antonio Acevedo ___ 11/30/12_

STATE OF FLORIDA
COUNTY OF _____

BEFORE ME, the undersigned authority, on this day personally appeared
_____, known to me to be the person whose name is subscribed to the
foregoing instrument, and acknowledged to me that he executed the same for the purposes
and consideration, and in the capacity, therein expressed.

SWORN AND SUBSCRIBED TO before me on the ___ day of _____, 2012

_____
Notary Public in and for the State of Florida

EXECUTED this 2? day of _Jan_, 2013

By: _____, as
Danny Gilileo, individually, and as authorized representative of GGR, LLC

STATE OF FLORIDA  New York
COUNTY OF _Surfside_

BEFORE ME, the undersigned authority, on this day personally appeared
_D. Gilileo_, known to me to be the person whose name is subscribed to the
foregoing instrument, and acknowledged to me that he executed the same for the purposes
and consideration, and in the capacity, therein expressed.

SWORN AND SUBSCRIBED TO before me on the 2? day of _Jan_, 2013

_____
Notary Public in and for the State of Florida

By: _Joseph Lomyr_ , as

Authorized Representative of
National Union Fire Insurance Company of Pittsburgh, PA

STATE OF ___N Y___ §
COUNTY OF ___Kings___ §

BEFORE ME, the undersigned authority, on this day personally appeared _____, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that she/he executed the same for the purpose and consideration, and in the capacity, therein expressed.

SWORN AND SUBSCRIBED TO before me on the 26th day of _July_ , 2012

_Maria Panlucer_
Notary Public in and for the State of _N.Y._

MARIA PANLUCCI
Commissioner of Deeds
No. 2-13368
Certificate Filed in Kings County
Commission Expires September 1, 2014

27

## Civil Remedy Notice of Insurer Violations

Filing Number:       219620

Filing Accepted:     10/31/2012

Warning! Information submitted as part of this civil remedy notice is a public record. Data entered into this form will be displayed on the DFS website for public review. Please DO NOT enter Social Security Numbers, personal medical information, personal financial information or any other information you do not want available for public review.

☑ The submitter hereby states that this notice is given in order to perfect the rights of the person(s) damaged to pursue civil remedies authorized by Section 624.155, Florida Statutes.

### Complainant

| Name: | ANTONIO ACEVEDO |
|---|---|
| Street Address: | 3636 WEST FLAGLER STREET |
| City, State Zip: | MIAMI, FL 33135 |
| Email Address: | RONROD36@AOL.COM |
| Complainant Type: | Third Party |

### Insured

| Name: | L.F.I. FORT PIERCE INC |
|---|---|
| Policy #: | WLRC44001226 |
| Claim #: | WLRC44001226 |

### Attorney

| Name: | RONALD D RODMAN |
|---|---|
| Street Address: | 3636 WEST FLAGLER STREET |
| City, State Zip: | MIAMI, FL 33135 |
| Email Address: | RONROD36@AOL.COM |

### Notice Against

| Insurer Type: | Authorized Insurer |
|---|---|
| Name: | ACE AMERICAN INSURANCE COMPANY |
| Street Address: | |
| City, State Zip: | |

Please identify the person or persons representing the insurer who are most responsible for/knowledgeable of the facts giving rise to the allegations in this notice.

Type of Insurance:

DFS-10-363
Rev. 11/2007

EXHIBIT  C

## Civil Remedy Notice of Insurer Violations

Filing Number:      219620

## Reason for Notice

Reasons for Notice:

    Failure to pay jury verdict

PURSUANT TO SECTION 624.155, F.S. please indicate all statutory provisions alleged to have been violated.

| | |
|---|---|
| 624.155(1)(b)(1) | Not attempting in good faith to settle claims when, under all the circumstances, it could and should have done so, had it acted fairly and honestly toward its insured and with due regard for her or his interests. |
| 626.9541(1)(i)(1) | Attempting to settle claims on the basis of an application, when serving as a binder or intended to become a part of the policy, or any other material document which was altered without notice to, or knowledge or consent of, the insured. |
| 626.9541(1)(i)(2) | A material misrepresentation made to an insured or any other person having an interest in the proceeds payable under such contract or policy, for the purpose and with the intent of effecting settlement of such claims, loss, or damage under such contract or policy on less favorable terms than those provided in, and contemplated by, such contract or policy. |
| 626.9541(1)(i)(3)(a) | Failing to adopt and implement standards for the proper investigation of claims. |
| 626.9541(1)(i)(3)(b) | Misrepresenting pertinent facts or insurance policy provisions relating to coverages at issue. |
| 626.9541(1)(i)(3)(c) | Failing to acknowledge and act promptly upon communications with respect to claims. |
| 626.9541(1)(i)(3)(d) | Denying claims without conducting reasonable investigations based upon available information. |
| 626.9541(1)(i)(3)(f) | Failing to promptly provide a reasonable explanation in writing to the insured of the basis in the insurance policy, in relation to the facts or applicable law, for denial of a claim or for the offer of a compromise settlement. |
| 626.9541(1)(i)(3)(g) | Failing to promptly notify the insured of any additional information necessary for the processing of a claim. |

Reference to specific policy language that is relevant to the violation, if any. If the person bringing the civil action is a third party claimant, she or he shall not be required to reference the specific policy language if the authorized insurer has not provided a copy of the policy to the third party claimant pursuant to written request.

FAILURE TO PROMPTLY SETTLE CLAIM, JURY VERDICT OR PAYMENT OF INSURED'S POLICY LIMITS.

To enable the insurer to investigate and resolve your claim, describe the facts and circumstances giving rise to the insurer's violation as you understand them at this time.

DFS-10-363
Rev. 11/2007

COMPLAINANT IS A PARAPLEGIC, INSUREDS ARE CLEARLY ADDITIONAL INSUREDS UNDER THE SUBJECT POLICY OF INSURANCE AND INSUREDS ARE OBVIOUSLY LIABLE FOR THE INJURIES AND DAMAGES SUSTAINED BY THE COMPLAINANT. COMPLAINANT HAS FURNISHED ALL NECESSARY MATERIALS TO ENABLE THIRD PARTY CARRIER, ACE AMERICAN INSURANCE, TO COMPLETE ITS INVESTIGATION AND MAKE A GOOD FAITH OFFER TO SETTLE THIS CLAIM. THE THIRD PARTY CARRIER HAS FAILED TO ADOPT AND IMPLEMENT STANDARDS FOR THE PROPER INVESTIGATION AND ACKNOWLEDGEMENT OF THIS CLAIM AND HAS OTHERWISE FAILED TO TAKE THE APPROPRIATE ACTION WITH RESPECT TO THIS CLAIM BY FAILING TO MAKE AN OFFER IN HOPES OF REACHING A SETTLEMENT. THE NATURE OF RESPONSES BY THE THIRD PARTY CARRIER INDICATE THAT THESE PRACTICES OCCUR WITH SUCH BY THE THIRD PARTY CARRIER INDICATE THAT THESE PRACTICES OCCUR WITH SUCH FREQUENCY AS TO INDICATE A GENERAL BUSINESS PRACTICE. INSURER HAS REFUSED TO PAY JURY VERDICT HAS MEDIATED IN BAD FAITH ON MULTIPLE OCCASIONS INSURER REPRESENTATIVES HAVE APPEARED WITHOUT AUTHORITY TO RESOLVE CLAIMS, ADDITIONAL INSURED FILED FOR BANKRUPTCY AS A RESULT OF JURY VERDICT.

**Comments**

| User Id | Date Added | Comment |
|---------|------------|---------|
|         |            |         |

## Civil Remedy Notice of Insurer Violations

Filing Number:   233600

Filing Accepted:   6/21/2013

Warning! Information submitted as part of this civil remedy notice is a public record. Data entered into this form will be displayed on the DFS website for public review. Please DO NOT enter Social Security Numbers, personal medical information, personal financial information or any other information you do not want available for public review.

☑ The submitter hereby states that this notice is given in order to perfect the rights of the person(s) damaged to pursue civil remedies authorized by Section 624.155, Florida Statutes.

### Complainant

| | |
|---|---|
| Name: | GGR, L.L.C. |
| Street Address: | 4100 RECKER HIGHWAY |
| City, State Zip: | WINTER HAVEN, FL 33880 |
| Email Address: | |
| Complainant Type: | Insured |

### Insured

| | |
|---|---|
| Name: | L.F.I. FORT PIERCE, INC. |
| Policy #: | WLR C44001226 |
| Claim #: | 56693491102948 |

### Attorney

| | |
|---|---|
| Name: | RONALD D. RODMAN |
| Street Address: | 3636 WEST FLAGLER STREET |
| City, State Zip: | MIAMI, FL 33135 |
| Email Address: | RONROD36@AOL.COM |

### Notice Against

| | |
|---|---|
| Insurer Type: | Authorized Insurer |
| Name: | ACE AMERICAN INSURANCE COMPANY |
| Street Address: | |
| City, State Zip: | |

Please identify the person or persons representing the insurer who are most responsible for/knowledgeable of the facts giving rise to the allegations in this notice.

STEVE ADLER, MELSAR RISK MANAGEMENT SERVICES, INC.

Type of Insurance:

DFS-10-363
Rev. 11/2007

EXHIBIT D

## Civil Remedy Notice of Insurer Violations

Filing Number:     233600

## Reason for Notice

Reasons for Notice:

Claim Delay

Claim Denial

Unsatisfactory Settlement Offer

Unfair Trade Practice

Failure to pay judgment

Violation of section 627.4137, Florida Statutes

See below

PURSUANT TO SECTION 624.155, F.S.  please indicate all statutory provisions alleged to have been violated.

| | |
|---|---|
| 624.155(1)(b)(1) | Not attempting in good faith to settle claims when, under all the circumstances, it could and should have done so, had it acted fairly and honestly toward its insured and with due regard for her or his interests. |
| 626.9541(1)(i)(1) | Attempting to settle claims on the basis of an application, when serving as a binder or intended to become a part of the policy, or any other material document which was altered without notice to, or knowledge or consent of, the insured. |
| 626.9541(1)(i)(2) | A material misrepresentation made to an insured or any other person having an interest in the proceeds payable under such contract or policy, for the purpose and with the intent of effecting settlement of such claims, loss, or damage under such contract or policy on less favorable terms than those provided in, and contemplated by, such contract or policy. |
| 626.9541(1)(i)(3)(a) | Failing to adopt and implement standards for the proper investigation of claims. |
| 626.9541(1)(i)(3)(b) | Misrepresenting pertinent facts or insurance policy provisions relating to coverages at issue. |
| 626.9541(1)(i)(3)(c) | Failing to acknowledge and act promptly upon communications with respect to claims. |
| 626.9541(1)(i)(3)(d) | Denying claims without conducting reasonable investigations based upon available information. |
| 626.9541(1)(i)(3)(f) | Failing to promptly provide a reasonable explanation in writing to the insured of the basis in the insurance policy, in relation to the facts or applicable law, for denial of a claim or for the offer of a compromise settlement. |
| 626.9541(1)(i)(3)(g) | Failing to promptly notify the insured of any additional information necessary for the processing of a claim. |
| 626.9541(1)(i)(3)(h) | Failing to clearly explain the nature of the requested information and the reasons why such information is necessary. |

Reference to specific policy language that is relevant to the violation, if any. If the person bringing the civil action is a third party claimant, she or he shall not be required to reference the specific policy language if the authorized insurer has not provided a copy of the policy to the third party claimant pursuant to written request.

DFS-10-363
Rev. 11/2007

THE SPECIFIC POLICY LANGUAGE WOULD BE FOUND IN PART TWO OF ACE AMERICAN INSURANCE COMPANY'S POLICY, AND THE OTHER PORTIONS OF THE POLICY PERTAINING TO PART TWO EMPLOYERS LIABILITY INSURANCE. ACE HAS NEVER PROVIDED A COMPLETE OR CERTIFIED COPY OF ITS POLICY AND IT IS THEREFORE IMPOSSIBLE TO ASCERTAIN ALL THE SPECIFIC POLICY LANGUAGE THAT MAY BE RELEVANT TO ACE'S VIOLATIONS, BUT THE FOLLOWING EXCERPTS WOULD BE RELEVANT, IF ACCURATE.

"WE WILL PAY ALL SUMS YOU LEGALLY MUST PAY AS DAMAGES BECAUSE OF BODILY INJURY TO YOUR EMPLOYEES . . . ."

"WE HAVE THE RIGHT AND DUTY TO DEFEND, AT OUR EXPENSE, ANY CLAIM, PROCEEDING OR SUIT AGAINST YOU FOR DAMAGES PAYABLE BY THIS INSURANCE. WE HAVE THE RIGHT TO INVESTIGATE AND SETTLE THESE CLAIMS, PROCEEDINGS AND SUITS. . . ."

THE ALTERNATE EMPLOYER ENDORSEMENT INCLUDING, WITHOUT LIMITATION, "[P]ART TWO (EMPLOYERS LIABILITY INSURANCE) WILL APPLY AS THOUGH THE ALTERNATE EMPLOYER IS INSURED." AND, "THE ALTERNATE EMPLOYER WILL RECOGNIZE OUR RIGHT TO DEFEND UNDER PARTS ONE AND TWO AND OUR RIGHT TO INSPECT UNDER PART SIX."

To enable the insurer to investigate and resolve your claim, describe the facts and circumstances giving rise to the insurer's violation as you understand them at this time.

ANTONIO ACEVEDO WAS PARALYZED AND SUFFERED BRAIN DAMAGE WHEN HE FELL THROUGH A ROOF ON FEBRUARY 13, 2006 WHILE WORKING FOR GGR, L.L.C. GGR HAD OBTAINED ACEVEDO FROM LABOR FINDERS. DANNY GILILEO WAS A MANAGER OR POLICYMAKER OF GGR. ACEVEDO SUED GGR AND GILILEO UNDER THE EXCEPTIONS TO THE EXCLUSIVE REMEDY OF WORKER'S COMPENSATION THAT ARE ESTABLISHED IN SECTION 440.11(1)(B), FLORIDA STATUTES. ACE AMERICAN INSURANCE COMPANY INSURED GGR UNDER ITS POLICY AND COVERAGE HAS NEVER BEEN AN ISSUE. ACE UNDERTOOK THE DEFENSE OF GGR AND GILILEO AGAINST ACEVEDO'S CLAIMS. ACE ASSUMED CONTROL OVER THE HANDLING OF ACEVEDO'S CLAIMS AGAINST GGR AND GILILEO, INCLUDING ALL DECISIONS REGARDING LITIGATION AND SETTLEMENT.

ACE FAILED TO PROPERLY INVESTIGATE THE FACTS WHICH SHOWED THAT THE EXCEPTIONS TO EXCLUSIVITY APPLIED. ACE FAILED TO ADOPT AND IMPLEMENT STANDARDS FOR THE PROPER INVESTIGATION OF CLAIMS AS PART OF ITS GENERAL BUSINESS PRACTICE. ACE DENIED ACEVEDO'S CLAIMS WITHOUT CONDUCTING REASONABLE INVESTIGATIONS BASED UPON AVAILABLE INFORMATION AS PART OF ITS GENERAL BUSINESS PRACTICE. ACE KNEW OR SHOULD HAVE KNOWN THAT ACEVEDO HAD A STRONG CASE AGAINST GGR AND GILILEO. ACE DID NOT KEEP GGR AND GILILEO APPRISED OF THE INVESTIGATION AND FACTS.

ACE DID NOT USE THE SAME DEGREE OF CARE AND DILIGENCE AS A PERSON OF ORDINARY CARE AND PRUDENCE SHOULD EXERCISE IN THE MANAGEMENT OF HIS OR HER OWN BUSINESS WHEN DEFENDING GGR AND GILILEO. ACE DID NOT ATTEMPT IN GOOD FAITH TO SETTLE ACEVEDO'S CLAIMS WHEN, UNDER ALL THE CIRCUMSTANCES, IT COULD AND SHOULD HAVE DONE SO, HAD IT ACTED FAIRLY AND HONESTLY TOWARD GGR AND GILILEO AND WITH DUE REGARD FOR THEIR INTERESTS.

ACE NEVER OFFERED OR TENDERED ITS POLICY LIMITS BEFORE TRIAL EVEN THOUGH ACEVEDO'S SEVERE INJURIES AND DAMAGES CLEARLY EXCEEDED ITS POLICY LIMITS. ACE DID NOT EVALUATE SETTLEMENT OFFERS IN GOOD FAITH. ACE EXERCISED BAD FAITH IN SETTLEMENT NEGOTIATIONS. ACE DID NOT GIVE FAIR CONSIDERATION TO REASONABLE SETTLEMENT OFFERS. ACE FAILED TO TIMELY ADVISE GGR AND GILILEO OF THE SETTLEMENT OFFERS, OPPORTUNITIES, AND NEGOTIATIONS. ACE REFUSED TO SETTLE WITH ITS POLICY LIMITS, AND DID NOT RESPOND WITHIN REASONABLE DEADLINES SET BY ACEVEDO. ACE FAILED TO ACKNOWLEDGE AND ACT PROMPTLY UPON COMMUNICATIONS WITH RESPECT TO ACEVEDO'S CLAIMS AS PART OF ITS GENERAL BUSINESS PRACTICE. ACE REFUSED TO ACCEPT REASONABLE SETTLEMENT OFFERS WITHIN ITS POLICY LIMITS EVEN THOUGH A REASONABLY PRUDENT PERSON FACED WITH THE PROSPECT OF PAYING THE TOTAL RECOVERY WOULD HAVE ACCEPTED THE OFFERS. ACE'S CONDUCT REGARDING SETTLEMENT OFFERS, OPPORTUNITIES, AND NEGOTIATIONS FAILED TO SAFEGUARD THE INTERESTS OF GGR AND GILILEO. ACE ACTED IN BAD FAITH WHEN IT FAILED TO GIVE FAIR CONSIDERATION TO SETTLEMENT OFFERS THAT WERE REASONABLE UNDER THE FACTS, AND SETTLE, AS WAS POSSIBLE BECAUSE A REASONABLY PRUDENT PERSON FACED WITH THE PROSPECT OF PAYING THE TOTAL RECOVERY WOULD HAVE DONE SO.

ACE FAILED TO PROPERLY ADVISE GGR AND GILILEO ABOUT THE PROBABLE OUTCOME OF THE LITIGATION. ACE FAILED TO ADVISE GGR AND GILILEO OF THE POTENTIAL FOR A JUDGMENT IN EXCESS OF INSURANCE COVERAGE. ACE NEVER TOLD GGR AND GILILEO THAT A JURY VERDICT IN EXCESS OF THE POLICY LIMITS WAS LIKELY. ACE FAILED TO ADVISE GGR AND GILILEO OF ANY STEPS THAT MIGHT BE TAKEN TO AVOID AN EXCESS JUDGMENT.

ACE FAILED TO PROMPTLY NOTIFY GGR AND GILILEO OF ANY ADDITIONAL INFORMATION NECESSARY FOR THE PROCESSING OF ACEVEDO'S CLAIMS AND WHEN IT DID ACE FAILED TO CLEARLY EXPLAIN THE NATURE OF THE REQUESTED INFORMATION AND THE REASONS WHY SUCH INFORMATION IS

DFS-10-363
Rev. 11/2007

NECESSARY, ALL PART OF ITS GENERAL BUSINESS PRACTICES. ACE FAILED TO PROMPTLY PROVIDE A REASONABLE EXPLANATION IN WRITING TO GGR AND GILILEO OF THE BASIS IN THE INSURANCE POLICY, IN RELATION TO THE FACTS OR APPLICABLE LAW, FOR DENIAL OF CLAIMS OR FOR THE OFFER OF A COMPROMISE SETTLEMENT AS PART OF ITS GENERAL BUSINESS PRACTICE.
ACE FAILED TO OFFER TO PAY ITS POLICY LIMITS TOWARD SETTLEMENT OF ACEVEDO'S CLAIMS AGAINST GGR AND GILILEO WHEN IT SHOULD HAVE HAD IT ACTED FAIRLY AND HONESTLY TOWARD ITS INSUREDS AND WITH DUE REGARD FOR THEIR INTERESTS.
ACE HAS FAILED TO COMPLY WITH SECTION 627.4137, FLORIDA STATUTES IN ITS UNDATED CORRESPONDENCE RECEIVED JUNE 14, 2013, AND AT OTHER TIMES. ACE HAS REFUSED TO IDENTIFY ALL POLICIES OF INSURANCE WHICH DOES OR MAY PROVIDE LIABILITY INSURANCE COVERAGE TO PAY ALL OR A PORTION OF ACEVEDO'S CLAIMS. ACE CONTINUES TO REFUSE TO PROVIDE AN ACCURATE, COMPLETE COPY OF ITS POLICY. ACE HAS ATTEMPTED TO SETTLE ACEVEDO'S CLAIMS ON THE BASIS OF MATERIAL DOCUMENTS WHICH WERE ALTERED WITHOUT NOTICE TO, OR KNOWLEDGE OR CONSENT OF, THE INSURED. ACE HAS MADE MATERIAL MISREPRESENTATIONS TO AN INSURED OR ANY OTHER PERSON HAVING AN INTEREST IN THE PROCEEDS PAYABLE UNDER ITS CONTRACT OR POLICY FOR THE PURPOSE AND WITH THE INTENT OF EFFECTING SETTLEMENT OF SUCH CLAIMS, LOSS, OR DAMAGE UNDER SUCH CONTRACT OR POLICY ON LESS FAVORABLE TERMS THAN THOSE PROVIDED IN, AND CONTEMPLATED BY, SUCH CONTRACT OR POLICY. ACE HAS MISREPRESENTED PERTINENT FACTS OR INSURANCE POLICY PROVISIONS RELATING TO COVERAGES AT ISSUE AS PART OF ITS GENERAL BUSINESS PRACTICE.
ACE ACTED SOLELY ON ITS OWN INTERESTS WHEN CONTROLLING THE DEFENSE AND SETTLEMENT NEGOTIATIONS AND PLACED ITS OWN INTERESTS ABOVE GGR'S AND GILILEO'S INTERESTS. THE VERDICT FOR ACEVEDO WAS FAR IN EXCESS OF ACE'S LIMITS AND THE JUDGMENT FOR ACEVEDO AGAINST GGR AND GILILEO WAS AFFIRMED ON APPEAL. THE EXCESS JUDGMENT AGAINST GGR AND GILILEO REMAINS DUE AND OWING.

**Comments**

| User Id | Date Added | Comment |
|---|---|---|

## Civil Remedy Notice of Insurer Violations

Filing Number:        233603

Filing Accepted:      6/21/2013

Warning! Information submitted as part of this civil remedy notice is a public record. Data entered into this form will be displayed on the DFS website for public review. Please DO NOT enter Social Security Numbers, personal medical information, personal financial information or any other information you do not want available for public review.

☑  The submitter hereby states that this notice is given in order to perfect the rights of the person(s) damaged to pursue civil remedies authorized by Section 624.155, Florida Statutes.

### Complainant

| | |
|---|---|
| Name: | DANNY GILILEO |
| Street Address: | P.O. BOX 1337 |
| City, State Zip: | AUBURNDALE, FL 33823 |
| Email Address: | |
| Complainant Type: | Insured |

### Insured

| | |
|---|---|
| Name: | L.F.I. FORT PIERCE, INC. |
| Policy #: | WLR C44001226 |
| Claim #: | 56693491102948 |

### Attorney

| | |
|---|---|
| Name: | RONALD D. RODMAN |
| Street Address: | 3636 WEST FLAGLER STREET |
| City, State Zip: | MIAMI, FL 33135 |
| Email Address: | RONROD36@AOL.COM |

### Notice Against

| | |
|---|---|
| Insurer Type: | Authorized Insurer |
| Name: | ACE AMERICAN INSURANCE COMPANY |
| Street Address: | |
| City, State Zip: | |

Please identify the person or persons representing the insurer who are most responsible for/knowledgeable of the facts giving rise to the allegations in this notice.

STEVE ADLER, MELSAR RISK MANAGEMENT SERVICES, INC.

Type of Insurance:

DFS-10-363
Rev. 11/2007

EXHIBIT  E

## Civil Remedy Notice of Insurer Violations

Filing Number:      233603

## Reason for Notice

Reasons for Notice:

   Claim Denial

   Claim Delay

   Unsatisfactory Settlement Offer

   Unfair Trade Practice

   Failure to pay Judgment

   Violation of section 627.4137, Florida Statutes

   See below

---

PURSUANT TO SECTION 624.155, F.S. please indicate all statutory provisions alleged to have been violated.

| | |
|---|---|
| 624.155(1)(b)(1) | Not attempting in good faith to settle claims when, under all the circumstances, it could and should have done so, had it acted fairly and honestly toward its insured and with due regard for her or his interests. |
| 626.9541(1)(i)(1) | Attempting to settle claims on the basis of an application, when serving as a binder or intended to become a part of the policy, or any other material document which was altered without notice to, or knowledge or consent of, the insured. |
| 626.9541(1)(i)(2) | A material misrepresentation made to an insured or any other person having an interest in the proceeds payable under such contract or policy, for the purpose and with the intent of effecting settlement of such claims, loss, or damage under such contract or policy on less favorable terms than those provided in, and contemplated by, such contract or policy. |
| 626.9541(1)(i)(3)(a) | Failing to adopt and implement standards for the proper investigation of claims. |
| 626.9541(1)(i)(3)(b) | Misrepresenting pertinent facts or insurance policy provisions relating to coverages at issue. |
| 626.9541(1)(i)(3)(c) | Failing to acknowledge and act promptly upon communications with respect to claims. |
| 626.9541(1)(i)(3)(d) | Denying claims without conducting reasonable investigations based upon available information. |
| 626.9541(1)(i)(3)(f) | Failing to promptly provide a reasonable explanation in writing to the insured of the basis in the insurance policy, in relation to the facts or applicable law, for denial of a claim or for the offer of a compromise settlement. |
| 626.9541(1)(i)(3)(g) | Failing to promptly notify the insured of any additional information necessary for the processing of a claim. |
| 626.9541(1)(i)(3)(h) | Failing to clearly explain the nature of the requested information and the reasons why such information is necessary. |

---

Reference to specific policy language that is relevant to the violation, if any. If the person bringing the civil action is a third party claimant, she or he shall not be required to reference the specific policy language if the authorized insurer has not provided a copy of the policy to the third party claimant pursuant to written request.

DFS-10-363
Rev. 11/2007

THE SPECIFIC POLICY LANGUAGE WOULD BE FOUND IN PART TWO OF ACE AMERICAN INSURANCE COMPANY'S POLICY, AND THE OTHER PORTIONS OF THE POLICY PERTAINING TO PART TWO EMPLOYERS LIABILITY INSURANCE. ACE HAS NEVER PROVIDED A COMPLETE OR CERTIFIED COPY OF ITS POLICY AND IT IS THEREFORE IMPOSSIBLE TO ASCERTAIN ALL THE SPECIFIC POLICY LANGUAGE THAT MAY BE RELEVANT TO ACE'S VIOLATIONS, BUT THE FOLLOWING EXCERPTS WOULD BE RELEVANT, IF ACCURATE.

"WE WILL PAY ALL SUMS YOU LEGALLY MUST PAY AS DAMAGES BECAUSE OF BODILY INJURY TO YOUR EMPLOYEES . . . ."

"WE HAVE THE RIGHT AND DUTY TO DEFEND, AT OUR EXPENSE, ANY CLAIM, PROCEEDING OR SUIT AGAINST YOU FOR DAMAGES PAYABLE BY THIS INSURANCE. WE HAVE THE RIGHT TO INVESTIGATE AND SETTLE THESE CLAIMS, PROCEEDINGS AND SUITS. . . ."

THE ALTERNATE EMPLOYER ENDORSEMENT INCLUDING, WITHOUT LIMITATION, "[P]ART TWO (EMPLOYERS LIABILITY INSURANCE) WILL APPLY AS THOUGH THE ALTERNATE EMPLOYER IS INSURED." AND, "THE ALTERNATE EMPLOYER WILL RECOGNIZE OUR RIGHT TO DEFEND UNDER PARTS ONE AND TWO AND OUR RIGHT TO INSPECT UNDER PART SIX."

To enable the insurer to investigate and resolve your claim, describe the facts and circumstances giving rise to the insurer's violation as you understand them at this time.

ANTONIO ACEVEDO WAS PARALYZED AND SUFFERED BRAIN DAMAGE WHEN HE FELL THROUGH A ROOF ON FEBRUARY 13, 2006 WHILE WORKING FOR DANNY GILILEO AND GGR, L.L.C. GILILEO AND GGR HAD OBTAINED ACEVEDO FROM LABOR FINDERS. GILILEO WAS A MANAGER OR POLICYMAKER OF GGR. ACEVEDO SUED GILILEO AND GGR UNDER THE EXCEPTIONS TO THE EXCLUSIVE REMEDY OF WORKER'S COMPENSATION THAT ARE ESTABLISHED IN SECTION 440.11(1)(B), FLORIDA STATUTES. ACE AMERICAN INSURANCE COMPANY INSURED GILILEO AND GGR UNDER ITS POLICY, BUT ASSERTS THAT IT ISSUED A RESERVATION OF RIGHTS. REGARDLESS, ACE UNDERTOOK THE DEFENSE OF GILILEO AND GGR AGAINST ACEVEDO'S CLAIMS. ACE ASSUMED CONTROL OVER THE HANDLING OF ACEVEDO'S CLAIMS AGAINST GILILEO AND GGR, INCLUDING ALL DECISIONS REGARDING LITIGATION AND SETTLEMENT.

ACE FAILED TO PROPERLY INVESTIGATE THE FACTS WHICH SHOWED THAT THE EXCEPTIONS TO EXCLUSIVITY APPLIED. ACE FAILED TO ADOPT AND IMPLEMENT STANDARDS FOR THE PROPER INVESTIGATION OF CLAIMS AS PART OF ITS GENERAL BUSINESS PRACTICE. ACE DENIED ACEVEDO'S CLAIMS WITHOUT CONDUCTING REASONABLE INVESTIGATIONS BASED UPON AVAILABLE INFORMATION AS PART OF ITS GENERAL BUSINESS PRACTICE. ACE KNEW OR SHOULD HAVE KNOWN THAT ACEVEDO HAD A STRONG CASE AGAINST GILILEO AND GGR. ACE DID NOT KEEP GILILEO AND GGR APPRISED OF THE INVESTIGATION AND FACTS.

ACE DID NOT USE THE SAME DEGREE OF CARE AND DILIGENCE AS A PERSON OF ORDINARY CARE AND PRUDENCE SHOULD EXERCISE IN THE MANAGEMENT OF HIS OR HER OWN BUSINESS WHEN DEFENDING GILILEO AND GGR. ACE DID NOT ATTEMPT IN GOOD FAITH TO SETTLE ACEVEDO'S CLAIMS WHEN, UNDER ALL THE CIRCUMSTANCES, IT COULD AND SHOULD HAVE DONE SO, HAD IT ACTED FAIRLY AND HONESTLY TOWARD GILILEO AND GGR AND WITH DUE REGARD FOR THEIR INTERESTS.

ACE NEVER OFFERED OR TENDERED ITS POLICY LIMITS BEFORE TRIAL EVEN THOUGH ACEVEDO'S SEVERE INJURIES AND DAMAGES CLEARLY EXCEEDED ITS POLICY LIMITS. ACE DID NOT EVALUATE SETTLEMENT OFFERS IN GOOD FAITH. ACE EXERCISED BAD FAITH IN SETTLEMENT NEGOTIATIONS. ACE DID NOT GIVE FAIR CONSIDERATION TO REASONABLE SETTLEMENT OFFERS. ACE FAILED TO TIMELY ADVISE GILILEO AND GGR OF THE SETTLEMENT OFFERS, OPPORTUNITIES, AND NEGOTIATIONS. ACE REFUSED TO SETTLE WITH ITS POLICY LIMITS, AND DID NOT RESPOND WITHIN REASONABLE DEADLINES SET BY ACEVEDO. ACE FAILED TO ACKNOWLEDGE AND ACT PROMPTLY UPON COMMUNICATIONS WITH RESPECT TO ACEVEDO'S CLAIMS AS PART OF ITS GENERAL BUSINESS PRACTICE. ACE REFUSED TO ACCEPT REASONABLE SETTLEMENT OFFERS WITHIN ITS POLICY LIMITS EVEN THOUGH A REASONABLY PRUDENT PERSON FACED WITH THE PROSPECT OF PAYING THE TOTAL RECOVERY WOULD HAVE ACCEPTED THE OFFERS. ACE'S CONDUCT REGARDING SETTLEMENT OFFERS, OPPORTUNITIES, AND NEGOTIATIONS FAILED TO SAFEGUARD THE INTERESTS OF GILILEO AND GGR. ACE ACTED IN BAD FAITH WHEN IT FAILED TO GIVE FAIR CONSIDERATION TO SETTLEMENT OFFERS THAT WERE REASONABLE UNDER THE FACTS, AND SETTLE, AS WAS POSSIBLE BECAUSE A REASONABLY PRUDENT PERSON FACED WITH THE PROSPECT OF PAYING THE TOTAL RECOVERY WOULD HAVE DONE SO.

ACE FAILED TO PROPERLY ADVISE GILILEO AND GGR ABOUT THE PROBABLE OUTCOME OF THE LITIGATION. ACE FAILED TO ADVISE GILILEO AND GGR OF THE POTENTIAL FOR A JUDGMENT IN EXCESS OF INSURANCE COVERAGE. ACE NEVER TOLD GILILEO AND GGR THAT A JURY VERDICT IN EXCESS OF THE POLICY LIMITS WAS LIKELY. ACE FAILED TO ADVISE GILILEO AND GGR OF ANY STEPS THAT MIGHT BE TAKEN TO AVOID AN EXCESS JUDGMENT.

ACE FAILED TO PROMPTLY NOTIFY GILILEO AND GGR OF ANY ADDITIONAL INFORMATION NECESSARY FOR THE PROCESSING OF ACEVEDO'S CLAIMS AND WHEN IT DID ACE FAILED TO CLEARLY EXPLAIN

DFS-10-363
Rev. 11/2007

THE NATURE OF THE REQUESTED INFORMATION AND THE REASONS WHY SUCH INFORMATION IS NECESSARY, ALL PART OF ITS GENERAL BUSINESS PRACTICES. ACE FAILED TO PROMPTLY PROVIDE A REASONABLE EXPLANATION IN WRITING TO GILILEO AND GGR OF THE BASIS IN THE INSURANCE POLICY, IN RELATION TO THE FACTS OR APPLICABLE LAW, FOR DENIAL OF CLAIMS OR FOR THE OFFER OF A COMPROMISE SETTLEMENT AS PART OF ITS GENERAL BUSINESS PRACTICE.
 ACE FAILED TO OFFER TO PAY ITS POLICY LIMITS TOWARD SETTLEMENT OF ACEVEDO'S CLAIMS AGAINST GILILEO AND GGR WHEN IT SHOULD HAVE HAD IT ACTED FAIRLY AND HONESTLY TOWARD ITS INSUREDS AND WITH DUE REGARD FOR THEIR INTERESTS.
 ACE HAS FAILED TO COMPLY WITH SECTION 627.4137, FLORIDA STATUTES IN ITS UNDATED CORRESPONDENCE RECEIVED JUNE 14, 2013, AND AT OTHER TIMES. ACE HAS REFUSED TO IDENTIFY ALL POLICIES OF INSURANCE WHICH DOES OR MAY PROVIDE LIABILITY INSURANCE COVERAGE TO PAY ALL OR A PORTION OF ACEVEDO'S CLAIMS. ACE CONTINUES TO REFUSE TO PROVIDE AN ACCURATE, COMPLETE COPY OF ITS POLICY. ACE HAS ATTEMPTED TO SETTLE ACEVEDO'S CLAIMS ON THE BASIS OF MATERIAL DOCUMENTS WHICH WERE ALTERED WITHOUT NOTICE TO, OR KNOWLEDGE OR CONSENT OF, THE INSURED. ACE HAS MADE MATERIAL MISREPRESENTATIONS TO AN INSURED OR ANY OTHER PERSON HAVING AN INTEREST IN THE PROCEEDS PAYABLE UNDER ITS CONTRACT OR POLICY FOR THE PURPOSE AND WITH THE INTENT OF EFFECTING SETTLEMENT OF SUCH CLAIMS, LOSS, OR DAMAGE UNDER SUCH CONTRACT OR POLICY ON LESS FAVORABLE TERMS THAN THOSE PROVIDED IN, AND CONTEMPLATED BY, SUCH CONTRACT OR POLICY. ACE HAS MISREPRESENTED PERTINENT FACTS OR INSURANCE POLICY PROVISIONS RELATING TO COVERAGES AT ISSUE AS PART OF ITS GENERAL BUSINESS PRACTICE.
 ACE ACTED SOLELY ON ITS OWN INTERESTS WHEN CONTROLLING THE DEFENSE AND SETTLEMENT NEGOTIATIONS AND PLACED ITS OWN INTERESTS ABOVE GILILEO'S AND GGR'S INTERESTS. THE VERDICT FOR ACEVEDO WAS FAR IN EXCESS OF ACE'S LIMITS AND THE JUDGMENT FOR ACEVEDO AGAINST GILILEO AND GGR WAS AFFIRMED ON APPEAL. GILILEO FILED FOR BANKRUPTCY PROTECTION DUE TO THE JUDGMENT, BUT THE BANKRUPTCY COURT DID NOT GRANT RELIEF FROM THE JUDGMENT. THE EXCESS JUDGMENT AGAINST GILILEO AND GGR REMAINS DUE AND OWING.

**Comments**

| User Id | Date Added | Comment |
|---------|------------|---------|
|         |            |         |



CHIEF FINANCIAL OFFICER
**JEFF ATWATER**
STATE OF FLORIDA



13-145934

12/19/2013

RONALD D. RODMAN
3636 W. FLAGLER STREET
MIAMI FL 33135

CASE NO.:       2013-34411-CA-01
COUNTY:        MIAMI-DADE
COURT:          CIRCUIT COURT
DFS-SOP NO.:  13-145934
PLAINTIFF:     ANTONIO ACEVEDO
DEFENDANT:   REJECTED PROCESS NON-SERVED

Your process was delivered to our office, however the process cannot be accepted or served for the following reason.

In order to serve a process, there is a $15.00 fee required by statute, per summons, subpoena, or other documents you wish to have served on an insurance company. This fee is to cover our costs incurred during the service procedure and does not cover the cost of production of records or witness appearance. The check needs to be made payable to the Chief Financial Officer and returned to the address provided below.

When you return the process, please make sure you have the following copies or your process may be rejected again. The $15.00 service fee, the original-validated summons, one copy of the summons, one copy of the complaint, one copie of any discovery and/or documents you wish served upon the insurance company. For a subpoena, the original singed subpoena, one copy of the subpoena and any attachments.

PLEASE DO NOT SEND FOLLOW UP LETTERS THROUGH OUR OFFICE AFTER WE SERVE THE SUBPOENA. We will not forward letters to the insurance company. You must to contact the insurer directly for status or follow up regarding production of documents. You may locate their phone numbers at... www.floir.com.

If you have any questions or if further assistance is needed, please do not hesitate to contact our office.

Sincerely yours,

Jane Wesselman, C.P.M.
Staff Assistant
Service of Process
850-413-4290

ENC. CHECK 7673 IN THE AMOUNT OF $15.00 MADE PAYABLE TO CLERK OF COURT

Please see
attached.

Thank You!

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT, IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION

ANTONIO ACEVEDO,                              CASE NUMBER: 13-34411 CA 01 (32)

        Plaintiff,

vs.

ACE AMERICAN INSURANCE COMPANY

        Defendant.

_____/

## NOTICE OF FILING NOTICE OF REMOVAL

To:   Clerk, Eleventh Judicial Circuit Court, Miami-Dade County
      73 West Flagler Street
      Miami, Florida 33130

      **PLEASE TAKE NOTICE** that on January 22, 2014, Defendant, ACE AMERICAN

INSURANCE COMPANY, filed Defendant's Notice of Removal in the Office of the Clerk

of the United States District Court in and for the Southern District of Florida, Miami

Division.

      You are further advised that, pursuant to 28 U.S.C. § 1446(d), the filing of this

Notice and Notice of Removal with the Clerk of this State Court constitutes removal of

this action, such that all proceedings in this case shall henceforth be properly brought

only in the United States District Court to which this action has been removed.

Dated:  January 21, 2014.

Respectfully Submitted,

**DEMAHY LABRADOR DRAKE VICTOR & CABEZA**
*Co-Counsel for Defendant*
Alhambra Center – Penthouse
150 Alhambra Circle
Coral Gables, Florida 33134
Telephone: (305) 443-4850
Facsimile: (305) 443-5960


By: */s/ Pete L. DeMahy*
    Pete L. DeMahy, Esquire
    Florida Bar Number: 241822
    E-Mail:  pdemahy@dldlawyers.com


**Sedgwick, LLP**
225 Liberty Street
28th Floor
New York, New York 10281-1008
Telephone: (212) 898-4042
Fax: (212) 422-0925


By: */s/ Joseph K. Powers*
    Joseph K. Powers, Esquire  (*pro hac* to be filed)
    E-Mail: joseph.powers@sedgwicklaw.com

Acevedo, Antonio v. ACE American Insurance Company
Page 3 of 4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been

furnished by *E-Mail Only* on 21st of January, 2014, to all on attached Service List.

**DLD LAWYERS**
Co-Counsel for the Defendant
Alhambra Center - Penthouse
150 Alhambra Circle
Coral Gables, Florida 33134
Tel: (305) 443-4850
Fax: (305) 443-5960


By: /s/ *Pete L. DeMahy*
PETE L. DEMAHY, ESQ.
Florida Bar Number: 241822
E-Mail: pdemahy@dldlawyers.com

## SERVICE LIST

### Acevedo, Antonio v. ACE American Insurance Company
#### Circuit Court Case Number: 13-34411 CA 01 (32)

*Counsel for the Plaintiffs:*

**Ronald D. Rodman, Esquire**
Friedman, Rodman & Frank, P.A.
3636 West Flagler Street
Miami, Florida 33135
Telephone: (305) 448-8585

E-Mail: frflawservice@gmail.com

*Counsel for the Defendant, ACE American Insurance Company:*

**Joseph K. Powers, Esquire**
Sedgwick LLP
225 Liberty Street, 28th Floor
New York, New York 10281-1008
Tel: (212) 898-4042
Fax: (212) 422-0925

E-Mail: joseph.powers@sedgwick.com